# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 2:19CR00006-012 |
| v. ) | |
| ) | **OPINION AND ORDER** |
| **JAMES MORRISON JOHNSON,** ) | |
| ) | By: James P. Jones |
| ) | United States District Judge |
| Defendants. ) | |

*Jonathan Jones, Assistant United States Attorney, Roanoke, Virginia, for United States; Don M Williams, Jr., Pennington Gap, Virginia, for Defendant.*

The defendant, by counsel, has filed a Motion to Dismiss Due to Violation of Speedy Trial, to which the United States has responded. For the following reasons, the motion will be denied.

The defendant was indicted along with 20 codefendants, alleging a conspiracy to traffic methamphetamine. The defendant was charged in the conspiracy count (Count One), as well as a count charging him with distribution (Count Twenty-Four), and a count charging him with possessing a firearm in furtherance of a drug trafficking offense (Count Twenty-Five). Because of the number of defendants, the court severed the defendants into two separate trials, with defendant Johnson and others being placed in the first trial, scheduled to begin on September 9, 2019, and

the remaining defendants being placed in the second trial, to begin on December 2, 2019.

Defendant Johnson signed a written Plea Agreement on August 15, 2019, in which he agreed to plead guilty to Count One, with the government to dismiss the other counts against him. Plea Agreement 1, 2, ECF No. 321. The Plea Agreement was filed with the court at the defendant's request, Mot. 1, ECF No. 439, and a change of plea hearing was scheduled for August 23, 2019. At that hearing, the defendant advised that he did not wish to plead guilty and that he desired a new appointed attorney. I took under advisement the request for new counsel, requesting the defendant and his present attorney to discuss their differences and advise me if new counsel was still sought. The United States orally moved for a continuance of the trial on the basis that if the court allowed the appointment of new counsel, such new counsel could not reasonably be prepared for the defendant's trial scheduled for September 9, 2019, nor could the United States, considering the defendant's prior expressed intention to plead guilty.

The court granted the government's motion of continuance, and the trial and the Speedy Trial Act time was continued until December 2, 2019. In a written order entered a few days later, the court formalized the continuance, reciting as follows:

> Upon consideration of a motion of continuance by the United States, the court finds that the ends of justice served by the granting of such continuance outweigh the best interest of the public and the defendant in a speedy trial. The court makes this finding because a

> failure to grant such a continuance would deny counsel for the movant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

Order 1, Aug. 26, 2019, ECF No. 361. Thereafter, neither the defendant nor his attorney advised the court that new counsel was requested. It was appropriate for the court to continue the case as permitted under the Speedy Trial Act. It would have been contrary to the interests of justice to require the government to be prepared to go to trial as to the defendant while the question of whether the defendant was to be provided new counsel was still up in the air. If the defendant had continued to seek new counsel, that attorney would have required a continuance in order to be fully prepared for trial only two weeks away.

For these reasons, the defendant's motion, ECF No. 439, is DENIED, as well as his oral request for appointment of new counsel.

It is so **ORDERED.**

ENTER: November 12, 2019

/s/ *JAMES P. JONES*
United States District Judge