# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| | ) Case No. 2:19CR00006-012 |
| | ) |
| v. | ) **OPINION AND ORDER** |
| | ) |
| **JAMES MORRISON JOHNSON,** | ) By: James P. Jones |
| | ) United States District Judge |
| Defendant. | ) |

*Jonathan Jones, Assistant United States Attorney, Roanoke, Virginia, for United States.*

The defendant, James Morrison Johnson, pled guilty to conspiring to distribute and possess with intent to distribute 500 gram or more of a mixture of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) (Count One of the Indictment) and possessing a firearm in furtherance of a drug trafficking crime and using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Twenty-Five). On February 27, 2020, he was orally sentenced by this court to a total term of imprisonment of 188 months, consisting of terms of 128 months on Count One and a consecutive sentence of 60 months on Count Twenty-Five, which sentence was incorporated in a written judgment entered that same day. J., ECF No. 827. The United States has now filed a motion requesting the court to enter an amended judgment increasing the

defendant's sentence by at least 23 months, or in the alternative to resentence him, based upon Federal Rule of Criminal Procedure 35(a). The motion will be denied.

Federal district courts do not have the authority to change a sentence once orally pronounced except in limited circumstances permitted by rule or statute. Federal Rule of Criminal Procedure 35(a) is one such circumstance. It allows the court, either sua sponte, or by motion, to correct within 14 days a sentence "that resulted from arithmetical, technical, or other clear error." *Id.* "Every relevant authority agrees that the scope of 'clear error' correctable under Rule 35(a) is extremely narrow." *United States v. Fields*, 552 F.3d 401, 404 (4th Cir. 2009). "A district court's authority to correct a sentence imposed as a result of clear error is limited to cases in which an obvious error or mistake has occurred in the sentence, that is, errors which would almost certainly result in a remand of the case to the trial court for further action under Rule 35(a)." *United States v. Ward*, 171 F.3d 188, 191 (4th Cir. 1999) (internal quotation marks and citation omitted); *see United States v. Phillips,* 194 F. App'x 154, 155 (4th Cir. 2006) (unpublished) (holding that district court erred in modifying sentence because Rule 35(a) "is not intended . . . for the court simply to change its mind about the appropriateness of the sentence") (internal quotation marks and citation omitted).

In this case, the Presentence Investigation Report (PSR) correctly calculated the advisory guideline range for Count One as 151 to 188 months, with a mandatory term of

60 months to follow, as required by § 924(c)(1)(A)(i).[1] At the sentencing hearing, the defendant sought a variance or downward departure on the ground that his Criminal History Category of VI overrepresented the seriousness of his criminal history. *See* U.S. Sentencing Commission, *Guidelines Manual* § 4A1.3(b)(1) (2018) (permitting downward departure in such instances). After argument by counsel, the court orally denied the motion. Tr. 17, ECF No. 853.

Following statements of counsel and an opportunity for allocution by the defendant, the court pronounced a sentence of a "total term of 188 months," *id.* at 18, to run concurrently with two future state sentences. The court then realized that it had forgotten Count Twenty-Five and its mandatory consecutive 60-month sentence. The following then occurred:

> THE COURT: Let me, let's see, I thought there were two charges here; is that correct?
>
> MR. JONES [prosecutor]: Yes, Your Honor.
>
> MR. WILLIAMS [defense counsel]: Yes.
>
> THE COURT: Yes.
>
> MR. WILLIAMS: There's a 924(c) count that has a –
>
> MR. JONES: I believe it's Count 25, but I can confirm that.
>
> MR. WILLIAMS: I believe that's correct.
>
> MR. JONES: Yeah. Yeah.

---

[1] Count One required by statute a sentence of at least 120 months. 21 U.S.C. § 841(b)(1)(A)(viii).

> THE COURT: I'm sorry. Let me back up a moment here. I think I've got the concurrent sentences correct, but it would be a term of 128 months on Count 1, 60 months on Count 25, which would be below the guideline range, and I believe that's appropriate in view of the defendant's level of participation in the offense.

*Id.* at 19.

While it is true that the court had earlier indicated that it would not depart or vary below the Count One guideline range, the fact that it expressly changed its mind is not a clear error within the meaning of Rule 35(a). The change of mind did not affect the total sentence orally imposed of 188 months, and it occurred during the sentencing hearing and was accurately reflected in the written judgment entered.[2]

For these reasons, it is **ORDERED** that the United States' motion, ECF No. 844, is DENIED.

---

[2] No objection was made to the court's change of mind at the sentencing hearing, *e.g.*, *id* at 22:

> THE COURT: Are there any further matters that the Court must resolve in this case?
>
> MR. WILLIAMS: No, Your Honor.
>
> MR. JONES: No, Your Honor.
>
> THE COURT: All right. If there's nothing further then, we will adjourn court.

ENTER: March 5, 2020

/s/  James P. Jones
United States District Judge