IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| | ) Case No. 2:19CR00006-012 |
| | ) |
| v. | ) **OPINION AND ORDER** |
| | ) |
| **JAMES MORRISON JOHNSON,** | ) J%UDGE J%AMES P. J%ONES |
| | ) |
| Defendant. | ) |

*Lena L. Busscher,* Assistant United States Attorney, Abingdon, Virginia, for United States; *Nancy C. Dickenson-Vicars,* Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.

Defendant James Morrison Johnson has filed a pro se motion for compassionate release. ECF No. 1137. The Federal Public Defender was appointed to represent Johnson but has declined to file a supplemental motion. The government opposes the motion. For the reasons stated below, I will deny the motion.

I.

Johnson was convicted of conspiracy to possess with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846 (Count 1) and possessing a firearm in furtherance of a drug trafficking crime and using and carrying a firearm during and in relation to a drug trafficking crime in violation of

18 U.S.C. § 924 (Count 25). He was sentenced to 188 months' incarceration, consisting of 128 months on Count 1 and 60 months on Count 25, to be served consecutively, and five years of supervised release.

Johnson is 34 years old and his projected release date is July 31, 2032.

In the present motion, construed liberally, Johnson alleges that he was locked in the shower at United States Penitentiary (USP) Coleman I, and shot with anti-riot ammunitions in the hand and thigh. He was then severely beaten and denied medical attention immediately afterwards. Johnson states that he was hospitalized for two days and received multiple surgeries. The little finger of his right hand was amputated. He asserts that physical abuse by prison staff resulted in lifetime disablement and disfigurement. Johnson also mentions his minor child and elderly parents who require assistance as reasons for compassionate release.

The government strongly disputes the prison misconduct alleged by Johnson and attaches an incident report from USP Coleman I. Gov't's Resp. Ex. 2, ECF No. 1196-2. The report states that on July 11, 2023, Johnson refused to submit to hand restraints and began threatening to assault prison staff members who tried to remove him from the shower. *Id.* After pepper spray was deployed, Johnson used a saturated T-shirt to shield his face from the effects. *Id.* A correctional officer shot three rounds of rubber bullets at Johnson, aiming at the "large muscle group."

*Id.* Johnson attempted to catch one of the bullets, which severed his right pinky finger. *Id.*

The government further argues that even if the allegations were true, Johnson has not presented any extraordinary and compelling reason for release within the scope of the Sentencing Commission's policy statements. The government also asserts that Johnson has not provided any evidence regarding the incapacitation of his parents or the caregiver of his minor child, and that the § 3553(a) factors weigh against compassionate release.

The government concedes that Johnson has exhausted his administrative remedies. Accordingly, I find that Johnson has satisfied the statute's exhaustion requirement. 18 U.S.C. § 3582(c)(1)(A).

II.

Section 3582(c)(1) permits a sentencing court to reduce a sentence if "extraordinary and compelling reasons warrant such a reduction," the reduction "is consistent with applicable policy statements issued by the Sentencing Commission," and the applicable factors listed in § 3553(a) weigh in favor of granting compassionate release. 18 U.S.C. § 3582(c)(1)(A); *United States v. Hargrove*, 30 F.4th 189, 194 (4th Cir. 2022). A reduction in sentence must be consistent with the policy statements of the Sentencing Guidelines. *United States v. Davis*, 99 F.4th 647, 654 (4th Cir. 2024). Even if there are extraordinary and

compelling reasons justifying a sentence reduction, the court must still analyze the § 3553(a) sentencing factors and decide whether those factors weigh in favor of granting compassionate release. *Hargrove*, 30 F.4th at 194.

### III.

It is Johnson's burden to prove that he is entitled to a sentence reduction under § 3582(c)(1). *United States v. Mattingley*, No. 6:15-CR-00005, 2020 WL 974874, at *3 (W.D. Va. Feb. 28, 2020). Johnson argues that he has established an extraordinary and compelling reason under § 1B1.13(b)(4). Under this section, Johnson must show that:

> [W]hile in custody serving the term of imprisonment sought to be reduced, [he] was a victim of . . . physical abuse resulting in "serious bodily injury," as defined in the Commentary to § 1B1.1 (Application Instructions) . . . that was committed by, or at the direction of, a correctional officer, an employee or contractor of the Bureau of Prisoners, or any other individual who had custody or control over the [him].

U.S. Sent'g Guidelines Manual (USSG) § 1B1.13(b)(4) (U.S. Sent'g Comm'n 2024). Importantly, "the misconduct must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are unduly delayed or the defendant is in imminent danger." *Id.*

I find that Johnson has not established an extraordinary and compelling reason under § 1B1.13(b)(4). There is no evidence of a conviction in a criminal

case, finding or admission of liability in a civil case, or finding in an administrative proceeding that corroborates the misconduct described in Johnson's motion. Based on its own investigation, the government has also been unable to find any such records. ECF No. 1196 at 5. There is also no evidence that there were legal or administrative proceedings stemming from the alleged misconduct and that those proceedings are unduly delayed. Furthermore, Johnson has not alleged any facts to suggest he is in imminent danger. He has not been subjected to threats or retaliation, and he indicates that his injury, although traumatic, has been treated.

Johnson also makes mention of his minor child and elderly parents who require assistance. Under USSG § 1B1.13(b)(3), a defendant may establish an extraordinary and compelling reason by showing "[t]he death or incapacitation of the caregiver of the defendant's minor child" or "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent." Johnson has not offered any evidence regarding the status of his parents or his child's caregiver. He does not allege that he is the only available caregiver for his parents. Accordingly, I find that Johnson has not established an extraordinary and compelling reason under § 1B1.13(b)(3).

IV.

Even if Johnson had put forward extraordinary and compelling reasons justifying a sentence reduction, I must analyze the § 3553(a) factors to determine if

they weigh in favor of granting compassionate release. Among the factors to be considered are the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed to reflect the seriousness of the offense and to protect the public from further crimes of the defendant.

The nature and circumstances of Johnson's offense caution against release. Johnson was involved in a large scale, multi-state distribution organization involving ice methamphetamine and firearms. Presentence Investigation Report ¶ 6, ECF No. 1168. He purchased and sold large quantities of meth. *Id.* ¶¶ 189–194, 197. He was observed carrying a firearm during drug transactions and trading guns for meth. *Id.* ¶¶ 194–196. On one occasion, Johnson accused a co-conspirator of wanting to rob him and fired five or six shots, with one round hitting the co-conspirator in the wrist. *Id.* ¶ 196.

Johnson's history and characteristics also weigh heavily against release. He has thirteen convictions in state court that include grand larceny of a firearm and five counts of driving on a suspended or revoked license. *Id.* ¶¶ 334 – 346. While incarcerated, Johnson was disciplined for possessing a dangerous weapon, possessing drugs or alcohol, and breaking the glass window in his cell. Ex. 1, ECF No. 1196-1.

I find that the § 3553(a) factors weigh against compassionate release. Further, requiring Johnson to serve his full sentence reflects the seriousness of his offense and protects the public from further crimes.

V.

Accordingly, it is **ORDERED** that the Motion for Compassionate Release, ECF No. 1137, is DENIED.

ENTER: January 24, 2025

/s/ JAMES P. JONES
Senior United States District Judge